## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**DOUGLAS TARON EDWARDS,**

      **Petitioner,**

**v.**                                    **Case No. 3:16cv060-MCR/CAS**

**JULIE L. JONES,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On February 14, 2016, Petitioner Douglas Taron Edwards, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 27, 2016, Respondent filed a response, ECF No. 6, and an amended response, ECF No. 7, correcting Petitioner's address. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 5.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments show the petition should be denied.

## Procedural Background

Petitioner Edwards, a DOC inmate, filed formal administrative grievances requesting gain time for time he spent "out-to-court" from September 29, 2005, until July 10, 2009. *See* ECF No. 1 at 17. In his § 2254 petition, Edwards requests habeas corpus relief, arguing he is entitled to "out-to-court gain time guaranteed to him." ECF No. 1 at 15. He attaches exhibits from his administrative filings at DOC and his state court proceedings. *Id.* at 16-58.

Respondent indicates that Petitioner has exhausted his state remedies. ECF No. 7 at 7-8. Respondent asserts that Edwards has not presented a federal question as his habeas claim is based only on state law. *Id.* at 8-12. Respondent further asserts that during the time frame involved, and given Edwards' offense dates, DOC's rule prohibited an award of gain time for time spent out of the Department custody in the county jail. *Id.* at 14-18.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Id.*

As an initial matter, the ground Edwards raises in his § 2254 petition is not cognizable in federal habeas.  In particular, Petitioner Edwards takes issue with the determination by DOC and the state courts that he is not entitled to gain time for the time he spent out-to-court from September 29,

2005, until July 10, 2009.  It is well established that federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wainwright v. Goode, 464 U.S. 78, 83-84 (1983).  "A state's interpretation of its own laws or rules provides no basis for federal habeas relief, since no question of a constitutional nature is involved."  Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983); *accord, e.g.*, Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1992).  Thus, Edwards' claim that DOC and the state courts improperly interpreted and applied the gain time rules and statutes is not cognizable on federal habeas review.  *See* Pollock v. Sec'y, Fla. Dep't of Corr., 349 F. App'x 383, 384 (11th Cir. 2009).

Further, if the merits are considered, Petitioner has not shown entitlement to habeas relief.  As explained by Respondent, an inmate is entitled to gain time only in accordance with the law in effect at the time of the inmate's offense.  *See* ECF No. 7 at 12; Waldrup v. Dugger, 562 So. 2d 687 (Fla. 1990).  In this case, Edwards' offenses occurred May 14, 1994; June 22, 1994; June 29, 1994; and September 29, 1996.  *See* ECF No. 7 at 43-44.  Accordingly, the 1993 version of section 944.275, Florida Statutes, applies regarding gain time.  Section 944.275(7), Florida Statutes (1993), provides that DOC shall "adopt rules to implement the granting,

forfeiture, restoration, and deletion of gain-time." *See* Pollack, 349 F. App'x at 384 n.1 (explaining "Florida has eliminated the award of basic gain-time altogether for offenses committed on or after 1 January 1994").

Pursuant to the statute, DOC adopted a rule effective April 17, 1994, disqualifying inmates from earning monthly incentive gain time awards while out to court in a county jail. *See* Fla. Admin. Code R. 33-601.101(5)(b) (included in ECF No. 7 as Ex. A, *see* ECF No. 7 at 29). Specifically, that rule provides: "Inmates who are out of the department's custody during the month on escape, out to court status, or on furlough shall not be eligible to receive incentive gain time for that period of the month." *Id.* Thus, as Respondent explains, and as the state court determined, the rule in effect at the time Edwards committed his offenses and at the time he was out to court did not allow gain time for out to court status. *See* ECF No. 7 at 13-14; ECF No. 1 at 32.

In addition, as Respondent explains, and as the state court determined, effective July 15, 2009, DOC amended Rule 33-601.101(6)(b) to provide that inmates who are on out-to-court status "for a full month shall be eligible to receive incentive gain time." ECF No. 7 at 39. *See id.* at 15; ECF No. 1 at 32-33. This change applies only prospectively, however, for inmates such as Edwards, whose offenses occurred when the prior version

of the rule was in effect, who spent time out to court on or after July 15, 2009. *See* ECF No. 1 at 33; ECF No. 7 at 44.

## Conclusion

Based on the foregoing, the § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that the § 2254 petition, ECF No. 1, be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not**

**control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**